# Ivins v. Hub Machine Welding & Contracting Co., Appellant.

*Corporations—Two companies of same name—Liability.*

Where a corporation of Pennsylvania doing a general machine and repair business, and a New Jersey corporation organized to conduct a general garage business, have substantially the same stockholders, with the same president, officers, bank account, bookkeeping and employees and doing business under the same roof, the Pennsylvania company may be held liable for the value of an automobile delivered to the New Jersey company for repair and never returned, where it appears that the president of the two companies promised to return it, and there is evidence that the Pennsylvania company sent a bill for repairs to the plaintiff.

Argued Oct. 3, 1917. Appeal, No. 11, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., March T., 1916, No. 516, for plaintiff on case tried by the court without a jury in suit of Alice Ivins v. Hub Machine Welding & Contracting Company. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover the value of an automobile. Before CASSIDY, J., without a jury.

*Error assigned* was in entering judgment for plaintiff for $175.

*Morris & Kirby,* for appellant.

*Michael Barnett,* with him *E. P. Gallagher,* for appellee.

PER CURIAM, December 13, 1917:

The defendant is a Pennsylvania corporation doing a general machine and repair business, at 22d and Race streets, Philadelphia, and to enlarge its trade, another corporation was formed under the laws of New Jersey, to conduct a general garage business. The two corporations substantially represented the same parties as stockholders, having the same president and general officers, one bank account, one office, one set of accounts, the same employees, and the business of the two was conducted under the same roof. There was nothing to indicate to persons having relations with either that it had a separate legal identity from the other. The plaintiff delivered to the part of the plant operated by the New Jersey corporation her automobile for storage and repairs. It was subsequently damaged by an employee, and the defendant corporation refused to return it to the owner after proper demand. This action is brought to recover its value on the faith of the promise of the president of the two cor-

porations to repair and deliver the car in good condition. The trial was had before a judge without a jury, who found in favor of the plaintiff. The principal defense was that the wrong corporation was made the defendant, yet, the record discloses such a complicated business method that even the officers of the two corporations were unable to clearly separate their several accounts, and this plaintiff should not suffer from such a designed confusion. Moreover, there was evidence to warrant the finding that the defendant sent bills for the repairs to her machine to the plaintiff.

The judgment is affirmed.